NUMBER 13-02-648-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JOHN DUNCAN SUPER,                                                            Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the County Court at Law No. 8 
of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
          Following a bench trial, appellant, John Duncan Super, was convicted of
misdemeanor assault against his wife, sentenced to thirty days’ confinement probated for
six months, and assessed a fine of $200. Appellant now raises three issues on appeal. 
We affirm.
1. Motion to Quash
          In his first issue, appellant claims that the trial court committed reversible error by
denying his motion to quash the information. The information alleged that appellant
“intentionally, knowingly, or recklessly” caused bodily injury to his wife by “placing” his
hands on his wife’s neck and by placing his hand on her wrist. Appellant contends that this
language failed to give him adequate notice of how the offense was allegedly committed
because the word “cause” is indeterminate and variable, even though it is defined by
section 22.01(a)(1) of the penal code. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon 2004). 
         Appellant made no objection to the word “cause” at trial. He has therefore
preserved nothing for this Court to review. See Tex. R. App. P. 33.1; Coffey v. State, 796
S.W.2d 175, 179 (Tex. Crim App. 1990). Appellant’s first issue is overruled.
2. Legal and Factual Sufficiency
          In his second and third issues, appellant contends that the evidence is legally and
factually insufficient to support his conviction. Sufficiency of the evidence is measured
against the elements of the offense as defined by the hypothetically correct jury charge for
the case. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge
would accurately set out the law, would be authorized by the indictment, and would not
unnecessarily increase the State’s burden of proof. Id.
          Appellant maintains that the evidence adduced at trial by the State is insufficient
because it does not prove that his wife suffered bodily injury, which is an element of
assault.


 
A. Legal Sufficiency
          When reviewing the legal sufficiency of evidence, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App.
1999). We are not fact finders; our position is that of a due process safeguard to ensure
only the rationality of the trier of fact’s finding of the essential elements of the offense
beyond a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988).
          We turn to the record. In the light most favorable to the State, it establishes that 
appellant’s wife suffered bodily injury. One witness saw appellant strangling his wife. 
Several witnesses testified that, at the time of the assault, appellant’s wife screamed:
“help”; “help me”; “help me please”; “stop”; “stop, you’re hurting me”; “let me go”; “ow”; and
“ouch.” Two police officers who arrived on the scene after the incident testified that, at the
time, appellant’s wife appeared to have been crying. She had red marks on her neck and
wrist consistent with harmful physical contact such as by strangulation. Her clothes were
torn. 
          In cases involving circumstantial evidence, such as this, “it is not necessary that
every fact point directly and independently to the defendant’s guilt; it is enough if the
conclusion is warranted by the combined and cumulative force of all the incriminating
circumstances.” See Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 
From the foregoing evidence, a rational trier of fact could have found beyond a reasonable
doubt that appellant’s wife suffered bodily injury. The evidence is therefore legally
sufficient. Appellant’s second issue is overruled. 
B. Factual Sufficiency
          In a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this
neutral light, we determine whether “the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury’s finding
“shocks the conscience” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). We are authorized to disagree with the fact finder’s
verdict even if probative evidence exists that supports the verdict. Id. at 164; see also
Johnson, 23 S.W.3d at 7.
          Viewed in a neutral light, the proof of guilt in this case is not so obviously weak as
to undermine confidence in the fact-finder’s determination. Furthermore, the proof contrary
to the State’s evidence, which consisted mainly of testimony from appellant and his wife
asserting that there was no assault or bodily injury, does not greatly outweigh the proof of
guilt. The trier of fact is the sole judge of the witnesses’ credibility and the weight to be
given their testimony, and it is free to accept or reject all or any part of the testimony of any
witness. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Appellant’s
third issue is overruled.
3. Conclusion
          After consideration of appellant’s three issues and the argument and authorities
presented in support of each, we affirm his conviction for assault.
                                                                                     _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
         Tex.R.App.P. 47.2(b)
         Memorandum Opinion delivered 
         and filed this the 5th day of August, 2004.